**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3648
_____

UNITED STATES OF AMERICA

v.

MIGUEL VAZQUEZ,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 5-12-cr-00007-001)
District Judge: James Knoll Gardner
_____

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2013
_____

Before: GREENAWAY, SHWARTZ, and BARRY, Circuit Judges

(Filed: July 24, 2013)
_____

OPINION
_____

SHWARTZ, Circuit Judge.

Miguel Vazquez appeals the sentence imposed upon him, arguing that he received

ineffective assistance of counsel during his sentencing hearing.  For the reasons herein,

we will not review the ineffective assistance of counsel claim on direct appeal and will affirm the judgment of sentence.

## I.

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history. On May 23, 2011, Vazquez entered a plea agreement as to a 54-count information in the Eastern District of Pennsylvania. Counts 1-52 charged Vazquez with aiding the preparation and filing of false income tax returns for other people, and Counts 53 and 54 charged Vazquez with filing false income tax returns for himself. Under the plea agreement, Vazquez agreed to waive all rights to appeal or collaterally attack his conviction or sentence.

The District Court held a sentencing hearing on June 11, 2012. At the outset of the hearing, the District Court directed that Vazquez be sworn. After hearing testimony from a number of character witnesses, the District Court asked defense counsel whether his client wished to testify and counsel responded affirmatively. Rather than proceeding with a traditional sentencing allocution, the District Court directed that Vazquez take the witness stand, recognized that Vazquez was under oath, and directed counsel to inquire of his client. Counsel asked Vazquez questions concerning the circumstances of his guilty plea, his receipt of public assistance, and his payment of restitution. Vazquez responded with fact testimony, but also made statements expressing remorse and his desire to be a better person in the future. Counsel then asked Vazquez whether there was anything else

he wanted to say to the District Court before sentencing. The District Court invited Vazquez to speak in Spanish. He stated:

> I want to say I am very sorry for what I have done. I ask the forgiveness of the United States of America. I thank the federal agents for presenting the case now instead of later. Perhaps if it had gone on when it's later, it would have been worse for me. I thank the Lord that I have come to know Him and I've become spiritual. And I only wish to ask the judge to grant me the opportunity to re-vindicate my life, be a good husband, help my children and become a better human being.

App. 55-56.

The District Court then offered the Government an opportunity to cross-examine Vazquez. The Government inquired as to the circumstances of the charged offenses, Vazquez's receipt of public assistance payments, and Vazquez's charitable contributions. During a brief re-direct examination, Vazquez testified that he had listed two properties for sale to put towards restitution. Counsel was then asked to verify that the segment of Vasquez's testimony in which he addressed the District Court was "his exercise of his right of allocution." App. 65. Counsel verified that it was. The District Court then asked counsel if Vazquez had anything else to say in allocution, and counsel replied that Vazquez did not.

After each side presented its sentencing argument, the District Court asked whether there was "anything further from anyone" and each side responded in the negative. App. 73. The District Court then announced its sentence of 120 months' imprisonment, one year of supervised release, restitution of $1,600,000 to the Internal Revenue Service, and $5,400 in special assessments.

3

Vazquez appealed his sentence.[1]  The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

II.

We ordinarily do not review claims of ineffective assistance of counsel on direct appeal.  United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003).  Rather, the preferred avenue to raise ineffective assistance claims is a collateral proceeding pursuant to 28 U.S.C. § 2255 because the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation" before the trial court and has an "advantageous perspective" to evaluate the overall effectiveness of trial counsel.  Massaro v. United States, 538 U.S. 500, 504-06 (2003).  Although there is a narrow exception to this rule in cases "[w]here the record is sufficient to allow determination of ineffective assistance of counsel," United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991), this Court routinely declines to review ineffective assistance claims on direct

_____

[1] The parties disagree about whether the waiver provision in Vazquez's plea agreement precludes the present challenge to his sentence.  Because we decline to review the ineffective assistance claim on direct appeal, we need not, and do not presently, decide whether Vazquez waived his right to raise such a claim.  Rather, we address only the procedural device to be used if the claim has not been waived and is not otherwise barred.  Thus, nothing herein constitutes a ruling as to whether Vazquez has waived his right to raise such a claim pursuant to his plea agreement or whether such a claim predicated upon Fed. R. Crim. P. 32 is cognizable under Section 2255.  See Hill v. United States, 368 U.S. 424, 428-29 (1962); United States v. Adams, 252 F.3d 276, 281 (3d Cir. 2001).

4

appeal where either prong of the Strickland[2] analysis would be better analyzed in the first instance before the trial court. See, e.g., United States v. Sandini, 888 F.2d 300, 312 (3d Cir. 1989) (declining to consider a direct appeal where "the record is insufficient for us to determine whether a reasonable attorney would have filed a motion to dismiss on speedy trial grounds"); Thornton, 327 F.3d at 272 ("Even though the Government concedes defense counsel's error, the Court's opinion in Massaro points out that the issue of prejudice is also best decided in the first instance in a collateral action rather than on direct review.") (footnote omitted). For the reasons that follow, both Strickland prongs are best assessed in this case before the District Court in the first instance.

A.     Adequacy of Representation

An assessment of defense counsel's adequacy during the sentencing hearing may require a more developed record and, in any event, would be best performed in the first instance by the Judge present at the hearing. Vazquez's ineffective assistance claim concerns counsel's failure to object when the District Court: (1) placed Vazquez under oath at the outset of the hearing and later permitted the United States to cross-examine him; and (2) did not ask Vazquez directly whether he wished to say anything further in allocution, purportedly in violation of Federal Rule of Criminal Procedure 32(i)(4)(A)(ii).

---

[2] Under the two-pronged test set forth in Strickland v. Washington, a defendant claiming ineffective assistance of counsel must demonstrate that: (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness; and (2) the defendant suffered prejudice as a result of the deficiency. 466 U.S. 668, 687 (1984).

Both of these arguments concerning counsel's performance would be better considered via a collateral attack (if such an attack has not been waived).

First, it is conceivable that counsel strategically chose to permit Vazquez to testify under oath during sentencing. The present record reflects that, after Vazquez's guilty plea, the District Court learned of potentially aggravating considerations involving dishonesty with the United States Probation Office, improper receipt of welfare payments, and failure to support numerous children. Counsel may have decided that Vazquez could more credibly address these considerations while sworn and subject to cross-examination. On the present record, we therefore "have no way of knowing whether" proceeding in this fashion without objection "had a sound strategic motive." Massaro, 538 U.S. at 505.

Second, although the District Court may not have expressly asked Vazquez if he wished to allocute, the District Court did address Vazquez numerous times during the sentencing hearing, including a personal invitation to speak in his native language when Vazquez was about to express regret, seek forgiveness, thank the federal agents involved in his case, and ask the District Court for a second chance. Under these circumstances, counsel may have determined that the interaction between Vazquez and the District Court fulfilled the requirements of Rule 32(i)(4)(A)(ii) and that requesting anything more would have been unnecessary or strategically unsound. Moreover, the District Court is in the best position to assess its unspoken interactions with Vazquez that may further solidify compliance with Rule 32 and show that counsel's decision not to object to the

6

procedure the District Court employed during sentencing was sound. See Green v. United States, 365 U.S. 301, 304-05 (1961) ("[T]his record, unlike a play, is unaccompanied with stage directions which may tell the significant cast of the eye or the nod of the head. It may well be that the defendant himself was recognized and sufficiently apprised of his right to speak and chose to exercise this right through his counsel."). Because the present record appears to reflect that the District Court personally interacted with Vazquez, who in turn provided statements in allocution, this is not a case "in which trial counsel's ineffectiveness is so apparent from the record"[3] that we will consider Vazquez's ineffectiveness claim on direct appeal. Massaro, 538 U.S. at 508.

B.    Prejudice

Furthermore, assessing whether any deficiency in counsel's performance at sentencing prejudiced Vazquez is a task uniquely suited, at least in the first instance, to the court that imposed his sentence. See Thornton, 327 F.3d at 272 (stating that "the issue of prejudice is also best decided in the first instance in a collateral action rather than on direct review") (citing Massaro, 538 U.S. at 505). The present record reflects that the District Court considered Vazquez's statements in light of the sentencing factors set forth

---

[3] Vazquez relies on our holding in United States v. Polk, 577 F.3d 515 (3d Cir. 2009), to argue that this case fits the narrow exception for situations where the record on direct appeal is sufficient to allow determination of ineffective assistance. In Polk, defense counsel "freely concede[d] that at sentencing he missed the arguable effect of" Supreme Court precedent. Id. at 520. There has been no such concession here.

in 18 U.S.C. § 3553(a) when it imposed a sentence of 120 months' imprisonment, which was within the advisory guideline range. Thus, it may be difficult to show counsel's performance prejudiced Vazquez in any way, but we will defer to the District Court to opine on this subject if Vazquez files, and it is determined he has not waived his right to pursue, a Section 2255 petition.[4]

III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence without prejudice to Vazquez's filing of a petition under 28 U.S.C. § 2255 to raise an ineffective assistance of counsel claim, to the extent he is found not to have waived his right to do so.[5]

---

[4] Although Vazquez cites <u>Adams</u>, 252 F.3d 276, for the proposition that deficiencies in the allocution process are presumptively prejudicial, we have only applied the presumption in cases in which the defendant did not address the sentencing court at all. Moreover, even if a presumption of prejudice attached, the District Court would be best-equipped to determine whether that presumption could be rebutted in the present case.

[5] The motion of the United States for summary affirmance and to enforce the appellate waiver will be denied as moot.